Slip Op. 14-20

### UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **MERIDIAN PRODUCTS LLC**,<br><br>        Plaintiff,<br><br>and<br><br>**WHIRLPOOL CORPORATION**,<br><br>        Plaintiff-intervenor,<br><br>v.<br><br>**UNITED STATES**,<br><br>        Defendant,<br>and<br><br>**ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE**,<br><br>        Defendant-intervenor. |

Before: Timothy C. Stanceu, Judge

Court No. 13-00246

### OPINION AND ORDER

[Denying plaintiff's motion seeking a remand to the U.S. Department of Commerce of an administrative decision construing the scope of an antidumping duty order]

Date: February 19, 2014

*Daniel Cannistra*, Crowell & Moring LLP, of Washington, DC for plaintiff.

*Donald Harrison*, Gibson, Dunn & Crutcher LLP, of Washington, DC for plaintiff-intervenor. With him on the brief were *J. Christopher Wood*, *Ran Yan*, and *DeLisa Lay* of Washington, D.C.

*Tara Hogan*, Senior Trial Counsel, for defendant. With her on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, Commercial Litigation Branch, U.S. Department of Justice. Of counsel on the brief was *Jessica M. Forton*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Robert E. DeFrancesco, III*, *Alan H. Price*, Wiley Rine, LLP, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: In this action, plaintiff Meridian Products LLC ("Meridian") contests a final scope ruling issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"). *See Final Scope Ruling on Meridian Kitchen Appliance Door Handles* (June 21, 2013), ECF No. 25-1 ("*Final Scope Ruling*").  Before the court is plaintiff's motion seeking a remand of the contested administrative determination prior to briefing on the substantive issues in the case.  Meridian's Mot. for Remand 1 (Sept. 23, 2013), ECF No. 29 ("Pls.'s Mot.").  The court denies the motion and orders the parties to consult with one another regarding a scheduling order, in accordance with USCIT Rule 56.2(a).

## I. BACKGROUND

Commerce issued an antidumping duty order and a countervailing duty order (collectively, the "Orders") on aluminum extrusions from the People's Republic of China ("China or the "PRC") on May 26, 2011.  *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (May 26, 2011); *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (May 26, 2011).  On January 11, 2013, Meridian filed a letter ("Scope Ruling Request") seeking a ruling that certain kitchen appliance door handles are outside the scope of the Orders.  *Letter from Meridian to Secretary of Commerce Requesting a Scope Ruling on the Antidumping Duty Order on Aluminum Extrusions from China Regarding Certain Kitchen Appliance Door Handles* (Jan. 11, 2013) ("*Scope Ruling Request*").  On June 21, 2013, Commerce issued its final scope ruling in response to Meridian's request.  *Final Scope Ruling* 1.  Plaintiffs then commenced this action on July 10, 2013.  Summons, ECF No. 1; Compl., ECF No. 4.

Due to disagreements concerning plaintiff's motion for remand, the parties were unable

to agree to a scheduling order to govern these proceedings.  Joint Status Report (Sept. 17, 2013),

ECF No. 28.  Plaintiff filed its motion for a remand on September 23, 2013, before the parties

submitted any briefing on the merits in this litigation.  Pls.'s Mot. 1.

In the motion for remand, which plaintiff-intervenor Whirlpool Corporation supports,

Resp. of Whirlpool Corp. to Meridian Products' Mot. for Remand (Oct. 30, 2013), ECF No. 31,

plaintiff requests that the court remand the Final Scope Ruling to Commerce.  Pls.'s Mot. 1.

Both defendant and defendant-intervenor oppose the motion.  Def.-Int.'s Resp. to Pl.'s Mot. for

Remand (Oct. 31, 2013), ECF No. 32 ("Def.-intervenor's Resp."); Def.'s Opp'n to Pl.'s Mot. for

Remand, &, in the Alt., Def.'s Mot. for Extension of Time (Oct. 31, 2013), ECF No. 33 ("Def.'s

Opp'n").

## II. DISCUSSION

In its motion for a remand, plaintiff argues on several grounds that the Final Scope

Ruling is contrary to law and must be remanded to the Department for reconsideration.  Plaintiff

argues, *inter alia*, that the analysis Commerce employed in the Final Scope Ruling is

impermissible according to principles the United States Court of Appeals for the Federal Circuit

("Court of Appeals") established in *Mid Continent Nail Corp. v. United States*, 725 F.3d 1295

(Fed. Cir.  2013) ("*Mid Continent*").

Plaintiff submits that a remand is appropriate at this early stage of the case because a

remand "would afford Commerce the opportunity to correct its own mistakes without the

assistance of the Court and would therefore promote judicial efficiency."  Mem. of P. & A. in

Supp. of Meridian's Mot. for Remand 11 (Sept. 23, 2013), ECF No. 29.  According to plaintiff,

"[a]llowing this case to be considered on the merits without remand would require extensive

briefing as to the validity and application of an interpretation that the Federal Circuit has

squarely rejected" in *Mid Continent* and "would unnecessarily burden the Court and the parties."

*Id.* at 11-12.  Plaintiff argues that allowing the case to proceed without a remand at this stage

"would frustrate the Court's efficient administration of justice."  *Id.* at 12.

Plaintiff's motion asks the court to deviate from the ordinary procedures prescribed by

USCIT Rule 56.2(a) for cases brought to contest an administrative determination made by an

agency charged with responsibilities under the antidumping and countervailing duty laws.

Rule 56.2(a) provides for detailed procedures, including a "proposed briefing schedule," that

apply generally to such challenges.  USCIT R. 56.2(a).  The rule provides that a "judge may

modify the following procedures as appropriate in the circumstances of the action, or the parties

may suggest modification of these procedures."  *Id.*

Both defendant and defendant-intervenor oppose plaintiff's motion on the ground, *inter*

*alia*, that allowing a remand at this point would be procedurally unfair.  Def.'s Opp'n 8-9; Def.-

intervenor's Resp. 3.  In opposing plaintiff's motion for a remand, defendant and

defendant-intervenor rebut certain legal arguments plaintiff makes in its motion.  Def.'s Opp'n

4-8; Def.-intervenor's Resp. 3-10.  Defendant argues, nevertheless, that it has not had the benefit

of the ordinary sixty-day period that Rule 56.2(d) provides for submitting a brief on the merits in

response to plaintiff's claim.  Def.'s Opp'n 8-9.

In adjudicating plaintiff's motion, the court applies the principles of USCIT Rule 1,

which provides that the Rules "should be construed and administered to secure the just, speedy,

and inexpensive determination of every action and proceeding."  *Id.*  In considering these

guiding principles, the court notes that plaintiff has not given the court a convincing reason why

the other parties to this proceeding should not be provided the benefit of the sixty-day period that

Rule 56.2(d) ordinarily affords opposing parties to respond to a motion for judgment on the

agency record.  Plaintiff grounds its motion in the merits of its arguments rather than in a

compelling reason to expedite the litigation.  Absent such a reason, the court concludes that

conducting an expedited proceeding over the objections of the opposing parties would be

unfairly prejudicial.  Accordingly, the court concludes that this case should proceed according to

a schedule for a motion for judgment on the agency record and responsive briefing that follows

generally the time requirements set forth in USCIT Rule 56.2.  The court therefore deems it

appropriate to deny plaintiff's motion and to direct the parties to consult on a briefing schedule to

govern this proceeding in accordance with USCIT Rule 56.2(a).

### III. ORDER

Upon consideration of Meridian's Motion for Remand (Sept. 23, 2013), ECF No. 29,

upon consideration of all papers submitted and proceedings had herein, and upon due

deliberation, it is hereby

**ORDERED** that plaintiff's motion for remand be, and hereby is, denied without
prejudice to plaintiff's opportunity to seek a remedy at a later time; and it is further

**ORDERED** that counsel for plaintiff shall consult with counsel for the other parties and,
by March 7, 2014, submit an agreed-upon schedule for briefing that follows generally the
procedures of USCIT Rule 56.2 or, in the event that the parties cannot reach an agreement on a
schedule, a request for a scheduling conference.

                                        /s/ Timothy C. Stanceu
                                        Timothy C. Stanceu
                                        Judge

Dated: February 19, 2014
        New York, New York