Slip Op. 20-43

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MERIDIAN PRODUCTS, LLC, <br><br> Plaintiff, <br><br> and <br><br> WHIRLPOOL CORPORATION, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Chief Judge <br><br> Court No. 13-00246 |

# OPINION

[Sustaining a decision construing the scope of antidumping duty and countervailing duty orders on a type of appliance door handle.]

Dated: April 6, 2020

*Daniel J. Cannistra*, Crowell & Moring, LLP, of Washington, D.C., for plaintiff. With him on the brief was *Alexander Schaefer*.

*Donald Harrison*, Gibson, Dunn & Crutcher, LLP, of Washington, D.C., for plaintiff-intervenor.

*Aimee Lee*, Senior Trial Counsel, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With her on the brief were *Joseph H. Hunt*, Assistant Attorney General, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Tara K. Hogan*, Assistant Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of counsel was *Jessica M. Link* and *Orga Cadet*, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

*Alan H. Price* and *Robert E. DeFrancesco, III*, Wiley Rein LLP, of Washington, D.C., for defendant-intervenor.

Stanceu, Chief Judge:  Plaintiff Meridian Products, LLC ("Meridian") contested a 2013 "Final Scope Ruling" of the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department"), construing the scope of antidumping and countervailing duty orders (the "Orders") on aluminum extrusions from the People's Republic of China to include certain kitchen appliance door handles.

Before the court is the decision (the "Second Remand Redetermination") Commerce issued in response to the court's remand order following the decision of the Court of Appeals for the Federal Circuit ("Court of Appeals") in *Meridian Prods., LLC v. United States*, 890 F. 3d 1272 (Fed. Cir. 2018) ("*Meridian III*").  *Final Results of Second Redetermination Pursuant to Court Remand* (May 15, 2019), ECF No. 88-1 ("*Second Remand Redetermination*").  Neither plaintiff nor plaintiff-intervenor filed comments with Commerce or with the court objecting to the Second Remand Redetermination, which the court sustains.

## I. BACKGROUND

The opinion of the Court of Appeals in *Meridian III* and the court's earlier opinions contain background on this litigation, with which the court presumes familiarity.  *See Meridian III*, 890 F.3d at 1274–77; *Meridian Prods., LLC v. United States*, 39 CIT __, __, 125 F. Supp. 3d 1306, 1308–09 (2015) ("*Meridian I*"); *Meridian Prods., LLC v. United States*, 40 CIT __, __, 180 F. Supp. 3d 1283, 1284–85 (2016) ("*Meridian II*"); *Meridian Prods., LLC v. United States*, 43 CIT __, __, 357 F. Supp. 3d 1351, 1353 (2019) ("*Meridian IV*").

As of the time Commerce prepared and issued the Second Remand Redetermination, the sole issue remaining to be determined was whether a specific type of appliance door handle (a "Type B" handle) was within the scope of an antidumping duty order and a countervailing duty

order (the "Orders") on certain aluminum extrusions from the People's Republic of China, both issued in May 2011.  *Meridian IV*, 43 CIT at __, 357 F. Supp. 3d at 1357; *see Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Int'l Trade Admin. May 26, 2011) ("*AD Order*"); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Int'l Trade Admin. May 26, 2011) ("*CVD Order*").  Each Type B handle is an assembly consisting of an aluminum extrusion component, plastic end caps, and screws.  *See Second Remand Redetermination* 17.  As directed by the Court of Appeals, the court ordered Commerce in *Meridian IV*, 43 CIT at __, 357 F. Supp. 3d at 1357, to determine whether the Type B handles fall within the "finished merchandise" exclusion in the Orders.  *See AD Order*, 76 Fed. Reg. at 30,651; *CVD Order*, 76 Fed. Reg. at 36,654, (excluding from the Orders "finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed at the time of entry").  The court also directed Commerce, if concluding that the finished merchandise exclusion did not apply, to determine whether the Orders applied to a Type B handle in its entirety or only to the aluminum-extruded component of the assembly.  *Meridian IV*, 43 CIT at __, 357 F. Supp. 3d at 1357.

On April 1, 2019, Commerce provided the parties, and invited comment on, a draft of a remand redetermination in which it proposed to rule that the finished merchandise exclusion did not apply to the Type B handles and that the extruded aluminum component of each Type B handle was within the scope of the Orders while the other components (plastic end caps and screws) were not.  Draft Results of Second Redetermination Pursuant to Court Remand, *Meridian Prods. LLC v. United States*, Ct. No. 13-00246, Slip Op. 19-5 (Apr. 1, 2019).  Only the defendant-intervenor submitted comments on the draft.  *Second Remand Redetermination* at 17.

In the Second Remand Redetermination, Commerce ruled that the finished merchandise exclusion did not apply to the Type B handles and that the extruded aluminum component of each Type B handle was within the scope of the Orders while the other components (plastic end caps and screws) were not. *Second Remand Redetermination* 37. Defendant-intervenor submitted comments to the court in favor of the Second Remand Redetermination. *Def.-Int. Aluminum Extrusion Fair Trade Committee's Comments on Second Final Results of Redetermination Pursuant to Court Remand*, (June 14, 2019), ECF No. 90. On June 3, 2016, defendant replied to these comments. *Def.'s Submission in Accordance with the Court's Order of Apr. 11, 2019 and Request to Sustain Second Remand Redetermination* (June 21, 2019), ECF No. 91. No other party submitted comments to the court.

## II. Discussion

Neither the plaintiff nor the plaintiff-intervenor have successfully contested or may contest the Second Remand Redetermination. The court reaches this conclusion for two reasons. First, having failed to comment on the draft determination Commerce provided to the parties, the requirement to exhaust administrative remedies would have allowed the court to disregard any objection plaintiff or plaintiff-intervenor could have made to the Second Remand Redetermination in comments to the court. *See Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008). While exceptions allowing a court to waive the exhaustion requirement apply in some circumstances, no such exception is apparent from these facts and circumstances, and none is sought.

Second, the doctrine of waiver also applies to the position of the plaintiff and plaintiff-intervenor in this litigation. *See Sage Products, Inc. v. Devon Indus., Inc.* 126 F.3d 1420, 1426 (Fed. Cir. 1997). Because neither submitted comments to the court objecting to the Second

Remand Redetermination, any objection these parties could have raised to the Second Remand Redetermination has been waived.

### III. CONCLUSION

For the reasons set forth above, the court sustains the Second Remand Redetermination and will enter judgment accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:   April 6, 2020
         New York, New York